# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**KENNETH G. STEEPROW,**

       **Plaintiff,**

v.                                                                                                   Case No.  6:17-cv-1774-Orl-41GJK

**PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD; GEICO INSURANCE COMPANY; VINCENT TORPY; JR., LISA KAHN/DAVIDSON; JUDGE MOXLEY; JUDGE MAXWELL; JUDGE BURGER; JUDGE HOLCOMB; DAVID DUGAN; THE UNITED STATES OF AMERICA; THE UNITED STATES OF AMERICA; UNITED STATES JUSTICE DEPARTMENT; STATE OF FLORIDA; FLORIDA DEPARTMENT OF JUSTICE; BLAKE COLE; COLE, SCOTT & KISSANE, P.A.; SCOTT A. TURNER; TURNER & COSTA; MICHAEL R. PENFOLD; BREVARD COUNTY SHERIFF'S OFFICE; PATRICK FORMELLA; JACQUELINE A. RICE; JOHN M. HARRIS; JAMES M. SCHUMACHER; DAVID BAKER; JOHN DOE; and JANE DOE,**

       **Defendants.**

_____

## REPORT AND RECOMMENDATION

     This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO PROCEED** *IN FORMA PAUPERIS* (Doc. No. 2) |
| **FILED:** | **October 13, 2017** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED and the case be DISMISSED**.

On October 13, 2017, *pro se* Plaintiff Kenneth G. Steeprow filed a Complaint alleging various grievances against approximately twenty-six defendants. Doc. No. 1. Plaintiff filed his Motion to Proceed *In Forma Pauperis* the same day (the "Motion"). Doc. No. 2.

## I.   APPLICABLE LAW

The United States Congress requires the district court to review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915.[1] The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal --
> (i)  is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii)  seeks monetary relief against a defendant who is immune from such relief.

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07(a).

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. Pursuant to Local Rule 4.07(a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

### A.    Discretion Under 28 U.S.C. § 1915

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[2] *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

---

[2] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

### B. Frivolous and Malicious Actions Under 28 U.S.C. § 1915(e)(2)(B)(I)

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d at 639. The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Id.* A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.*

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *Id.* at 327. A complaint is also frivolous where it asserts factual allegations that are "clearly baseless," which, in turn, encompass allegations that are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327-28).

### II. ANALYSIS

In the ninety-seven page Complaint, Plaintiff alleges various grievances arising out of a myriad of court cases in which he was a party. Doc. No. 1. Many of Plaintiff's complaints stem from what he labels a "race hate conspiracy" that resulted in rulings unfavorable to him in criminal, bankruptcy, and civil cases. *Id.* Most of these cases proceeded in the Florida state courts. *Id.* at 7. The defendants include the judges and attorneys involved in the cases. *Id.* at 1-2. An example of a typical assertion in the Complaint is the following:

> An additional injury took place on January 3, 2017, when the Florida state trial court illegally and in "corrupt" and "willful" gross abuse of discretion, with "evil intent", within a "race hate conspiracy" with private parties, "under the color of law"

>issued a Judgment for fees and costs against Plaintiff, under Judge(s) Charles Roberts and David Dugan, in an amount exceeding $101,000.00, under the false guise [Emphasis added], that Plaintiff's Original Action was prosecuted with "malicious intent", [Emphasis added], while, in fact, these two judges "knowingly", "willfully" and with "corrupt" and "evil intent" acted individually and within a "race hate conspiracy" with private parties, specifically GEICO and Hartford Insurance Companies, their attorney(s) and others throughout the proceedings to intentionally frustrate, delay, deny evidence favorable to Plaintiff, destroy favorable evidence to Plaintiff, covered-up favorable evidence to Plaintiff, conspire to perjury before the court and fraud on the court to deny "due process of law" even though the courts had full knowledge of the ongoing perjury by attorney(s) for defense, therefore "under the color of law".

*Id.* at 8-9.

There are three reasons why the Complaint should be dismissed. First, it violates Federal Rule of Civil Procedure 8, as it does not contain a short and plain statement that establishes a right to relief. The complaint "is a rambling diatribe . . . that contains random thoughts and tangents loosely strung together. Plaintiff has failed to offer coherent factual allegations that could give rise to a valid cause of action. [His] complaint lacks an arguable basis in law and should be dismissed for failure to state any cause of action upon which relief could be granted." *Johnson v. United States*, No. 6:17-cv-64-Orl-40TBS, Doc. No. 26 at 4 (M.D. Fla. Apr. 18, 2017), *report and recommendation adopted at* Doc. No. 30 (June 6, 2017).

Second, the Complaint is frivolous. As demonstrated by the passage above, the allegations in the Complaint are fanciful, fantastic, and delusional. Even if they were not, the Complaint would still be barred by the *Rooker-Feldman* abstention doctrine. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415-16 (1923). "The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final

judgments of state courts." *Bey v. Ninth Judicial Circuit*, No. 6:11-cv-510-18DAB, 2011 WL 1791284, at *2. Regardless of the nature of the claims Plaintiff has brought or may bring, because Plaintiff is challenging the orders and judgments of state court proceedings, this Court lacks jurisdiction over the claims.

Third, this is the latest of Plaintiff's numerous attempts to bring a suit of this nature in this Court. On February 9, 2016, Plaintiff filed a complaint in case number 6:16-cv-215-Orl-41DAB raising virtually identical allegations. In his Report and Recommendation recommending denial of Plaintiff's motion to proceed *in forma pauperis* and dismissal of the case, United States Magistrate Judge David A. Baker stated the following:

> Plaintiff Kenneth Steeprow brings this federal case against a plethora of Defendants including state court judges, the United States Justice Department, the State of Florida, and others for claims arising out of a car accident and a series of related lawsuits. In an eighty-two page Complaint, Plaintiff alleges a "race hate conspiracy" for "twenty years" and seeks compensatory damages of "$3,100,000 per year" as well as punitive damages.

Case No. 6:16-cv-215-Orl-41DAB, Doc. No. 9 at 2. Magistrate Judge Baker noted, "Plaintiff has repeatedly attempted to seek review of state court decisions in this federal Court, whether through filing of the Complaint here or attempting to remove the case (even though he was the plaintiff) from state court when he was unhappy with the state judge's rulings." *Id.* at 3. Magistrate Judge Baker then listed the nine other cases Plaintiff filed in this Court. *Id.* Magistrate Judge Baker recommended that the case be dismissed under the *Rooker-Feldman* doctrine for lack of jurisdiction. *Id.* at 6. On September 30, 2016, United States District Judge Carlos E. Mendoza entered an order adopting and confirming the Report and Recommendation, made it a part of the order, and dismissed the case. Case No. 6:16-cv-215-Orl-41DAB, Doc. No. 11 at 4.

As the Court lacks jurisdiction over this case, the Complaint is frivolous, and it fails to comply with Federal Rule of Civil Procedure 8, it is recommended that the Motion be denied and the Complaint be dismissed with prejudice.

### III.     CONCLUSION

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Motion (Doc. No. 2);

2. **DISMISS** the case with prejudice; and

3. Direct the Clerk to close the case.

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida, on October 31, 2017.

*[Signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge
Unrepresented party