UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KENNETH G. STEEPROW,**

   **Plaintiff,**

v.                 Case No: 6:17-cv-1774-Orl-41GJK

**PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD, GEICO, VINCENT TORPY, JR. , CHARLES ROBERTS, LISA KAHN/DAVIDSON, DAVID DUGAN, STATE OF FLORIDA, JAMES HARRIS, UNITED STATES OF AMERICA, U.S. JUSTICE DEPARTMENT, FLORIDA DEPARTMENT OF JUSTICE, BLAKE COLE, COLE, SCOTT & KISSANE, P.A., SCOTT A. TURNER, TURNER & COSTA, BEACHLINE LEGAL SERVICES, P.L.L.C., JACQUELINE A. RICE, MICHAEL R. PENFOLD, PATRICK FORMELLA, JAMES M. SCHUMACHER, BREVARD COUNTY SHERIFF'S OFFICE, BREVARD COUNTY, FLORIDA, BREVARD COUNTY REPORTERS, ELIZABETH C. WHEELER, GEORGE MAXWELL, DAVID A. BAKER, JOHN DOE and JANE DOE,**

   **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Proceed *In Forma Pauperis* ("Motion," Doc. 2). United States Magistrate Judge Gregory J. Kelly issued a Report and Recommendation ("R&R," Doc. 5), recommending that the Court deny Plaintiff's Motion and dismiss the case with prejudice because the Court is without jurisdiction over Plaintiff's suit

pursuant to the *Rooker-Feldman* doctrine. Judge Kelly also concluded that the Complaint was frivolous and failed to comply with Federal Rule of Civil Procedure 8 because it did not contain a short and plain statement establishing that he has a right to relief. (Doc. 5 at 5–6).

Plaintiff subsequently filed an Objection to the R&R (Doc. 6). Plaintiff argues that he is not seeking to reverse the state court rulings but rather is pursuing claims for damages as a result of a "race hate conspiracy" between the courts and private parties to deprive him of his constitutional rights. (*Id.* at 6; *see also* Compl., Doc. 1, at 96–97). But as Judge Kelly explained, United States district courts do not have the authority to review final judgments by state courts. *Bey v. Ninth Judicial Circuit*, No. 6:11-cv-510-Orl-18DAB, 2011 WL 1791284, at *2 (M.D. Fla. Apr. 15, 2011), *report and recommendation adopted*, 2011 WL 1790831 (M.D. Fla. May 10, 2011). The *Rooker-Feldman* doctrine applies not only to issues actually presented to and decided by a state court, but also to hearing constitutional claims that are inextricably intertwined with questions ruled upon by a state court. *See Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). A claim is "inextricably intertwined" with the state court judgment "if it would effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." *Id.* (citations and quotations omitted).

While Plaintiff is adamant that he does not seek review of earlier state court decisions, in his Complaint he explicitly seeks redress for injuries that resulted from, or are inextricably intertwined with, state court judgments. In other words, Plaintiff seeks damages that arise out of the alleged wrongdoing and erroneous rulings in the state court proceedings. Thus, Plaintiff's alleged harms could only be redressed upon a finding that the state court's judgments were wrong. Pursuant to the dictates of *Rooker–Feldman*, this Court lacks jurisdiction over such claims. As for Judge Kelly's remaining grounds for denying Plaintiff's Motion and dismissing the case,

Plaintiff's Objection fails to establish a basis for his requested relief—instead it merely reiterates the factual assertions in the Complaint. Accordingly, after a *de novo* review of the record, the Court agrees entirely with the analysis in the R&R.

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 5) is **ADOPTED** and **CONFIRMED** and made a part of this Order.
2. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED**.
3. The case is **DISMISSED without prejudice**.
4. Plaintiff is warned that sanctions may be imposed if he continues to file Complaints that are frivolous or fail to comply with the Federal Rules of Civil Procedure.
5. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on April 30, 2018.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party